# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FELICIANA G. REYES,

        Plaintiff

    v.

UNITED STATES NATIONAL ARCHIVES
AND RECORDS ADMINISTRATION,

        Defendant

Civil Action No. 17-cv-1497 (CKK)

## MEMORANDUM OPINION
(December 18, 2018)

Plaintiff Feliciana Reyes brought this action against the United States National Archives and Records Administration under the Freedom of Information Act ("FOIA"), seeking records regarding a U.S. Army Report on the recognition of Filipino veterans of World War II. Before the Court is Plaintiff's [24] Motion for an Award of Attorneys' Fees and Costs. Because the parties have resolved their substantive disputes over the materials requested and produced through a Court-supervised process, the request for fees and costs is the only issue remaining in the case. With respect to the pending request, Defendant contests Plaintiff's eligibility for fees, Plaintiff's entitlement to fees, and the reasonableness of Plaintiff's fee request.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS in PART and DENIES in PART Plaintiff's [24]

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Mot. for an Award of Attorneys' Fees and Costs ("Pl.'s Mot."), ECF No. 24;
- Def.'s Opp'n to Pl.'s Mot. for Attorneys' Fees and Costs ("Def.'s Opp'n"), ECF No. 27; and
- Pl.'s Reply Brief Regarding an Award of Attorneys' Fees and Costs ("Pl.'s Reply"), ECF No. 28.

Motion for an Award of Attorneys' Fees and Costs. The Court concludes that Plaintiff is both eligible for and entitled to receive fees, but that the amount of fees requested is not reasonable given the circumstances of this case. Therefore, the Court GRANTS Plaintiff's request as to $19,939.20 in fees and $429.20 in costs and awards those amounts; the Court otherwise DENIES Plaintiff's request. This case is dismissed in its entirety.

## I.     BACKGROUND

On March 21, 2017, Plaintiff submitted a FOIA request to Defendant, requesting "all Records in possession, custody, or control of [Defendant] concerning the Filipino Veterans Equity Compensation Fund (FVECF) Interagency Working Group (IWG) and that reference, refer to, or relate to the report U.S. Army Recognition Program of Philippine Guerrillas." Complaint, Ex. 4, ECF No. 1-4, 2. The Army Report, which was the subject of Plaintiff's FOIA request, describes "'the guerilla resistance movement in the Philippines [during World War II] and the mission of the United States Army to award those valiant members of this fraternity who contributed materially to the defeat of the common foe … their entitlement to soldier emoluments and veterans benefits.'" Complaint, ECF No. 1, ¶ 15 (quoting Foreword to U.S. Army Report on the Recognition Program of Philippine Guerrillas). The Army Report reveals particular problems with recognizing the service of female guerrilla fighters, explaining that "[t]he close scrutiny given the functions of women guerrillas ultimately led to the belief that, [] excepting nurses, no women should be recognized." *Id.* at ¶ 25 (emphasis removed) (quoting U.S. Army Report on the Recognition Program of Philippine Guerrillas, 106).

---

The Court has also considered the supplemental notice filed by Defendant. *See* ECF No. 29. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. See LCvR 7(f).

Through her FOIA request, Plaintiff intended to discover which agencies had received this report and were aware of the issues with formally recognizing, in particular, female Filipino guerrilla fighters. These records could assist Plaintiff in her appeal before the U.S. Court of Appeals for Veterans Claims, where she argued that her denial of benefits under the Filipino Veterans Equity Compensation Fund violated the Equal Protection Clause by intentionally discriminating against Filipino women who served as guerilla fighters in World War II. *Id.* at ¶ 26. Plaintiff's FOIA request also noted that "the subject matter related to the FOIA request—benefits for Filipinos who served in WWII—has met widespread and exceptional media interest and the information sought involves possible questions about the government's integrity that affect public confidence. The news media has widely reported issues with veterans being found ineligible for this benefit and Congress has held hearings on the subject." Complaint, Ex. 4, ECF No. 1-4, 2.

On March 22, 2017, the day after Plaintiff submitted her FOIA request, Defendant acknowledged receipt of the FOIA request and assigned it a tracking number. Complaint, ECF No. 1, ¶ 34. By March, 30, 2017, Defendant had completed its initial search which had yielded approximately 25,000 potentially responsive records. Dec. of Joseph A. Scanlon, ECF No. 27-2, ¶ 9. On April 3, 2017, Defendant denied Plaintiff's request for expedited processing that had been included in her FOIA request. Complaint, ECF No. 1, ¶ 35. But, following an administrative appeal of the denial of expedited processing, on May 8, 2017, Defendant granted Plaintiff's FOIA request for expedited processing and explained that her request was sixth in Defendant's expedited que. *Id.* at ¶ 38. Following the grant of expedited processing, Defendant neither released any records nor provided any explanation for its delay until Plaintiff filed this lawsuit on July 26, 2017.

Following the filing of her complaint, Plaintiff also filed a motion for a preliminary injunction against Defendant. *See* Mot. for Prelim. Inj., ECF No. 4. Shortly thereafter, Defendant contacted Plaintiff, explaining that Defendant had already conducted its search and was processing Plaintiff's request. Def.'s Opp'n, Ex. B, ECF No. 27-3, 4-5. Defendant also stated that it would make its initial release of responsive documents on August 18, 2017, and would provide Plaintiff with an update on the release of documents requiring inter-agency consultation by September 8, 2018. *Id.* at 5. Initially, Plaintiff opposed Defendant's proposed schedule. But, during a subsequent teleconference with the Court, Plaintiff agreed to Defendant's proposed schedule, and the parties filed a Joint Status Report reflecting their agreement on August 7, 2017. *See* Joint Status Report, ECF No. 10, 2-4. That same day, the Court issued a Consent Order, memorializing the parties' agreement and mandating that Defendant make its initial disclosures by August 18, 2017 and provide Plaintiff with an update on the status of records subject to inter-agency consultation by September 8, 2017. Consent Order, ECF No. 11, 1-2. The order also held Plaintiff's motion for a preliminary injunction in abeyance. *Id.*

In accordance with the Court's order, on August 18, 2017, Defendant released all responsive records over which it had sole custody. Out of the 153 responsive records, Defendant released 30 pages in full, 31 pages in part, and fully withheld 88 pages. Joint Status Report, ECF No. 13, 3. Also pursuant to the Court's order, on September 8, 2017, Defendant updated Plaintiff on the status of records subject to inter-agency consultation. And, on October 13, 2017, Defendant issued its final release of records. Joint Status Report, ECF No. 18, 3-4. Following this final release, Plaintiff raised issues regarding certain withholdings. *Id.* at 9-11. But, the parties conferred, and on December 21, 2017, Plaintiff indicated that dispositive motions would not be necessary and that the only remaining issue was attorneys' fees. Joint Status Report, ECF

No. 20, 1. In response to this report, the Court denied as moot Plaintiff's motion for a preliminary injunction. *See* January 17, 2018 Minute Order. The Court also set a briefing schedule for Plaintiff's motion for attorneys' fees and costs. *See* April 17, 2018 Minute Order.

Following the Court's minute order, Plaintiff filed a motion for attorneys' fees and costs. *See* Pl.'s Mot., ECF No. 24. Defendant opposed Plaintiff's motion, arguing that Plaintiff is not eligible for fees, that Plaintiff is not entitled to fees, and that Plaintiff's fee request is unreasonable. *See* Def.'s Opp'n, ECF No. 27. That dispute is currently before the Court.

## II.     LEGAL STANDARD

Pursuant to 5 U.S.C. § 552(a)(4)(E)(i), a court may award reasonable attorney fees and other litigation costs reasonably incurred by a plaintiff who substantially prevails in an action against the government for the fulfillment of a FOIA request. In this Circuit, the attorney-fee inquiry is divided into two prongs, the fee "eligibility" and the fee "entitlement" prongs. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011). Under the eligibility prong, the Court must determine whether a plaintiff has substantially prevailed and, as a result, may receive attorney fees. *Id.* A plaintiff has substantially prevailed upon obtaining relief either through a judicial order, enforceable written agreement, consent decree or, alternatively, through a voluntary or unilateral change in position by the agency, if the plaintiff's claim is not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii)(I)-(II).

If the eligibility prong is satisfied, the Court next considers the entitlement prong to determine whether a plaintiff should receive fees. *Brayton*, 641 F.3d at 524. Under the entitlement prong, the Court must weigh four factors: "'(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding.'" *Judicial Watch, Inc. v. FBI*,

522 F.3d 364, 371 (D.C. Cir. 2008) (quoting *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992)). No one factor is dispositive, and "[t]he sifting of those criteria over the facts of a case is a matter of district court discretion." *Tax Analysts*, 965 F.2d at 1094.

Finally, if the Court concludes that a plaintiff is eligible for and entitled to fees, the Court considers the reasonableness of the fees requested. *See* 5 U.S.C. § 552(a)(4)(E)(i) (stating that a plaintiff who substantially prevails may be awarded "reasonable attorney fees and other litigation costs").

## III.    ELIGIBILITY FOR FEES

A plaintiff has substantially prevailed upon obtaining relief either through a judicial order, enforceable written agreement, consent decree or, alternatively, through a voluntary or unilateral change in position by the agency, if the plaintiff's claim is not insubstantial. 5 U.S.C. § 552(a)(4)(E)(ii)(I)-(II). Here, the Court concludes in its discretion that Plaintiff substantially prevailed in her FOIA case based on the Court's Consent Order mandating that Defendant release responsive records by a date certain. *See generally* Consent Order, ECF No. 11. Accordingly, Plaintiff is eligible for attorneys' fees.

The Court concludes that Plaintiff substantially prevailed in her FOIA litigation when, on August 7, 2017, the Court issued a Consent Order requiring Defendant to produce all responsive documents in Defendant's control by August 18, 2017. *See Id.* In an email exchange which occurred approximately one week after Plaintiff filed this lawsuit, Defendant proposed that it issue a final determination and release all records not requiring inter-agency consultation by August 18, 2017. Def.'s Opp'n, Ex. B, ECF No. 27-3, 4-5. Defendant further proposed that it confer with Plaintiff by September 8, 2017 regarding the status of any needed consultations. *Id.* Plaintiff initially objected to this timeline, but following a teleconference with the Court, the

parties filed a Joint Status Report indicating that they had agreed to Defendant's proposed schedule. Joint Status Report, ECF No. 10, 2-4. Following this report, the Court issued a Consent Order memorializing the parties' agreement and ordering Defendant to "[c]omplete processing all records it has located over which it has sole custody or control (including the release of all responsive, non-exempt portions of such records)" by August 18, 2017. Consent Order, ECF No. 11, 1. The Court further ordered Defendant to "provide Plaintiff with an update on the status of all records subject to inter-agency consultation" by September 8, 2017. *Id.* at 2.

Under the FOIA fee award statute, "a complainant has substantially prevailed if the complainant has obtained relief through … a judicial order … or consent decree." 5 U.S.C. § 552(a)(4)(E)(ii)(I). The Court's Consent Order mandated that Defendant make an initial release responsive records to Plaintiff by a date certain, thus granting Plaintiff a substantial portion of the relief she sought. Accordingly, under the plain terms of the statute, Plaintiff substantially prevailed and is eligible for attorneys' fees.

However, Defendant argues that the Court's Consent Order is not sufficient to establish that Plaintiff substantially prevailed because the parties had already agreed to do that which the Court ordered. Because the parties had already agreed that Defendant would make initial disclosures by August 18, 2017, Defendant contends that the Court's order did not change the legal relationship between the parties. *See Davy v. CIA*, 456 F.3d 162, 165 (D.C. Cir. 2006) (explaining that the plaintiff substantially prevailed because the court's order "changed the legal relationship between [the plaintiff] and the defendant" (alteration in original)). "A court order that changes the legal relationship between the parties is one that requires a party 'to do what the law required–something that it had theretofore been unwilling to do.'" *People for the Ethical Treatment of Animals v. Nat'l Inst. of Health*, 130 F. Supp. 3d 156, 162 (D.D.C. 2015) (quoting

*Campaign for Responsible Transplantation v. Food & Drug Admin.*, 511 F.3d 187, 196 (D.C. Cir. 2007)). Defendant contends that the Court's order did not change the legal relationship between the parties because Defendant and Plaintiff had mutually agreed to the August 18, 2017 release date prior to the Court's order.

Defendant misconstrues the standard. That the Court ordered Defendant to do something that it had voluntarily agreed to do in the course of litigation is irrelevant. What matters is that the Court ordered Defendant to take an action, make an initial release of responsive records by August 18, 2017, that Defendant had been unwilling to do prior to the initiation of the lawsuit. And, here, there is no evidence that Defendant was willing to make its initial disclosures by a date certain prior to Plaintiff filing her lawsuit.

For example, in *Davy v. Central Intelligence Agency*, the Circuit Court for the District of Columbia ("D.C. Circuit") explained that a plaintiff can substantially prevail based on a court order even if the defendant had already agreed to do that which the court orders. 456 F.3d at 165. In *Davy*, the parties had reached a Joint Stipulation for the release of responsive documents by a date certain. *Id.* at 163-64. The district court then "approved the Joint Stipulation and memorialized it in a court order." *Id.* at 164. The D.C. Circuit concluded that the district court's order memorializing the parties' joint stipulation was sufficient for the plaintiff to substantially prevail because the order "(1) contains mandatory language …; (2) is entitled an 'ORDER'; and (3) bears the district judge's signature, not those of the parties' counsel." *Id.* at 166. The Circuit Court explained that it was irrelevant that the defendant had voluntarily agreed to the production schedule because the district court's order still mandated that the defendant undertake an action that it had been unwilling to take prior to the initiation of the lawsuit. *Id.* at 164-66.

Similar to *Davy*, this Court's Consent Order (1) contains mandatory language ("[b]y August 18, 2017, Defendant will do the following"); is entitled a "CONSENT ORDER" and; (3) bears the Judge's signature. *See* Consent Order, ECF No. 11. Accordingly, "[e]ven though the parties arrived at a mutually acceptable agreement, … the order memorializing the agreement created the necessary judicial *imprimatur* for [P]laintiff[] to be a prevailing party." *Campaign for Responsible Trans.*, 511 F.3d at 197 (emphasis in original) (explaining that the plaintiff substantially prevailed under the court's order mandating the release of documents even though the defendant had already agreed to release those documents after the court ruled on dispositive motions). Regardless of Defendant's voluntary agreement to release the records by August 18, 2017, the Court's Consent Order changed the legal relationship between the parties by creating a legal obligation for Defendant to release the documents. *Id.* ("explaining that "[o]nce an order has been adopted by the court, *requiring the agency to release documents*, the legal relationship between the parties changes" (emphasis in original)); *see also Elec. Privacy Info. Ctr. v. FBI*, 72 F. supp. 3d 338, 344-45 (D.D.C. 2014) (finding that the plaintiff substantially prevailed "by obtaining production of responsive documents pursuant to the Court's … Order, which approved the parties' stipulated production date").

Accordingly, the Court concludes that Plaintiff substantially prevailed in her FOIA litigation because the Court's Consent Order mandated that Defendant release responsive documents by a date certain. Even though Defendant had already agreed to the release date, the Court's order changed the legal relationship between the parties. Additionally, the Court's order mandating an initial release of responsive documents constituted some relief on the merits. As Plaintiff substantially prevailed, she is eligible for attorneys' fees and costs.

**IV.     ENTITLEMENT TO FEES**

After determining that Plaintiff is eligible for attorneys' fees, the Court must still determine if Plaintiff is entitled to fees. To determine whether Plaintiff is entitled to attorneys' fees, the Court must weigh four factors: "'(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding.'" *Judicial Watch*, 522 F.3d at 371 (quoting *Tax Analysts*, 965 F.2d at 1093). No one factor of the test is dispositive, and the weighing of the factors is a matter of district court discretion. *See Tax Analysts*, 965 F.2d at 1094. Here, after considering all the factors, the Court concludes that the factors cumulatively weigh in favor of finding that Plaintiff is entitled to attorneys' fees.

## A. Public Benefit

In order to have a public benefit, the documents at issue in the FOIA litigation must be "'likely to add to the fund of information that citizens may use in making vital political choices.'" *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 44 (D.D.C. 2016) (quoting *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995)). The Court concludes that Plaintiff's FOIA request inured to the public benefit as it related to a matter of public concern.

Plaintiff's FOIA request sought all records "concerning the Filipino Veterans Equity Compensation Fund (FVECF) Interagency Working Group (IWG) and that reference, refer to, or relate to the report U.S. Army Recognition Program of Philippine Guerrillas." Complaint, Ex. 4, ECF No. 1-4, 2. The purpose of Plaintiff's request was to determine which agencies had knowledge of an Army Report discussing the difficulties faced by many World War II Filipino guerilla fighters, especially female fighters, in obtaining formal recognition of their service. The failure to recognize the service of those Filipinos who fought in support of the United States

during World War II has both symbolic and financial consequences. The failure to recognize those who fought diminishes their service and deprives them of the pride associated with being a recognized veteran. Moreover, because their service is not formally recognized, many Filipino guerilla fighters cannot access funds which Congress has appropriated for them through the Filipino Veterans Equity Compensation Fund. The information that Plaintiff requested had the potential to aid the many Filipino claimants who have been denied recognition. See Complaint, ECF No. 1, ¶ 29. As Plaintiff noted in her FOIA request, the issue of recognizing Filipino World War II veterans "has met widespread and exceptional media interest and the information sought involves possible questions about the government's integrity that affect public confidence. The news media has widely reported issues with veterans being found ineligible for this benefit and Congress has held hearings on the subject." Complaint, Ex. 4, ECF No. 1-4, 2. Accordingly, the Court finds that Plaintiff's FOIA request was a matter of public concern.

But, Defendant argues that, even if Plaintiff's request concerned a matter of public concern, the records which were actually released through the FOIA litigation were of little value. As evidence of the irrelevance of the documents, Defendant submitted the decision in Plaintiff's own U.S. Court of Appeals for Veterans Claims appeal, in which the court affirmed the denial of Plaintiff's Filipino Veterans Equity Compensation Fund application and rejected Plaintiff's request to file a supplemental opposition that was based on the documents obtained through her FOIA request. *See* Def.'s Notice, ECF No. 29. Defendant argues that if the records obtained were not even significant enough to merit a supplemental opposition in Plaintiff's appeal, then they are also not significant to the public.

Defendant's argument fails because the D.C. Circuit has explained that a court should assess the potential public value of the information sought, not the public value of the

information which was actually disclosed through the FOIA litigation. *Morley v. CIA*, 810 F.3d 841, 844 (D.C. Cir. 2016) ("Lest there be any uncertainty, we clarify that the public-benefit factor requires an *ex ante* assessment of the potential public value of the information requested, with little or no regard to whether any documents supplied prove to advance the public interest." (emphasis in original)). Courts consider the public value of the information sought because considering the public value of the information actually disclosed would "'shift[]to the plaintiff the risk that the disclosures would be unilluminating'" and would defeat the purpose of FOIA's fee-shifting scheme. *Id.* (quoting *Davy*, 550 F.3d at 1162 n.3). In order to have "potential public value," the request must have "at least a modest probability of generating useful new information about a matter of public concern." *Id.* For the reasons explained above, the Court finds that Plaintiff's request had at least a modest probability of generating useful new information about a matter of public concern.

Because the Court concludes that Plaintiff's FOIA litigation had the potential to benefit the public, the first factor weighs in favor of granting Plaintiff attorneys' fees.

### B. Commercial Benefit and Nature of Interest

While these are two separate factors, "[t]he second factor, commercial benefit to the plaintiff, and the third factor, the nature of the plaintiff's interest in the records, are often analyzed together to determine whether the plaintiff has a 'sufficient private incentive to seek disclosure of the documents without expecting to be compensated for it.'" *Elec. Privacy Info. Ctr.*, 218 F. Supp. 3d at 44-45 (quoting *McKinley v. Fed. Housing Fin. Agency*, 739 F.3d 707, 711 (D.C. Cir. 2014)). Because Plaintiff's FOIA litigation was initiated, in part, as a substitute for discovery in her own appeal before the U.S. Court of Appeals for Veterans Claims, the Court finds that these factors weigh against Plaintiff's request for attorneys' fees. But, special

circumstances lead the Court to conclude that these factors should be granted minimal weight against Plaintiff's request.

Defendant argues that Plaintiff had a sufficient private incentive to initiate this FOIA litigation as she sought to use the records in her own appeal for veterans' benefits. Insofar as Plaintiff brought this suit to obtain the records for her own personal use, the Court notes that "[t]he primary purpose of the FOIA was not to benefit private litigants to serve as a substitute for civil discovery." *Baldrige v. Shapiro*, 455 U.S. 345, 360 n.14 (1982). Defendant compares this case to *Dorsen v. United States Securities and Exchange Commission*, in which the court explained that the plaintiff, who sought records to defend himself in an unrelated civil matter, was not entitled to attorneys' fees as he had primarily commercial and personal interests. 15 F. Supp. 3d 112, 123 (D.D.C. 2014).

The Court agrees that to the extent that Plaintiff initiated FOIA litigation as a substitute for discovery in her veterans' benefits appeal, Plaintiff's motives were commercial and personal. However, this case is not as clear-cut as *Dorsen*. In *Dorsen*, the plaintiff sought records with the goal of obtaining relief from a $63 million judgment against him. *Id.* And, the plaintiff failed to present any other, non-personal ground for seeking the records. *Id.* In contrast, here, if Plaintiff were to have used the requested records to succeed in her appeal, she would have been entitled to at most $15,000 from the Filipino Veterans Equity Compensation Fund. According to Plaintiff's fee-award request, it cost over $10,000 more to litigate this suit than Plaintiff would have been awarded if successful in her appeal. Due to the cost of litigation, and the relatively small financial benefit for Plaintiff, it seems unlikely that Plaintiff would have had a sufficient personal and financial interest to bring this FOIA absent the expectation of compensation. Moreover, unlike the plaintiff in *Dorsen*, here, Plaintiff's motives were not purely personal. As Plaintiff

noted in her complaint, these records were important not only to her, but also "to the tens of thousands of other [Filipino Veterans Equity Compensation Fund] claimants who have been denied eligibility for this benefit by the VA." Complaint, ECF No. 1, ¶ 29.

The Court also notes that Plaintiff's counsel represented her pro bono in both her veterans' benefits appeal and in her FOIA action. Pl.'s Reply, ECF No. 28, 5. As Plaintiff's counsel are not receiving any compensation from their client for their work, the Court concludes that counsel may not have had a sufficient incentive to bring a FOIA action without the expectation of being able to recoup attorneys' fees if successful. The D.C. Circuit has explained that, in determining if a plaintiff is entitled to an attorneys' fees, a district court should "always keep in mind the basic policy of the FOIA to encourage the maximum feasible public access to government information and … to facilitate citizen access to the courts to vindicate their statutory rights." *Church of Scientology of California v. Harris*, 653 F.2d 584, 590 (D.C. Cir. 1981) (quoting *Nationwide Bldg. Maintenance, Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir. 1997)). Granting attorneys' fees in these circumstances, where Plaintiff is represented pro bono and where her request benefits others, would further the purposes of FOIA. *See Williams v. FBI*, 17 F. Supp. 2d 6, 9 (D.D.C. 1997) (granting attorneys' fees in part because "an award of fees would serve the larger public purpose of encouraging service on the Civil Pro Bono Counsel Panel").

Because Plaintiff initiated her FOIA litigation as a substitute for discovery in her veterans' benefits appeal, the Court concludes that these factors weigh against granting attorneys' fees. However, due to other circumstances, such as the limited potential for financial gain and her pro bono representation, the Court further concludes that minimal weight should be given to these two factors.

### C. Reasonableness of the Withholding

In deciding whether a plaintiff is entitled to attorneys' fees, a court considers whether the defendant's withholding had a reasonable basis in law and whether "the agency 'had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior.'" *Davy*, 550 F.3d at 1162 (quoting *LaSalle Extension University v. F.T.C.*, 627 F.2d 481, 486 (D.C. Cir. 1980)). "The question is not whether [the plaintiff] has affirmatively shown that the agency was unreasonable, but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after [the plaintiff] filed suit." *Id.* at 1163. In these circumstances where Defendant's failure to release the requested documents prior to litigation was due to administrative backlog, the Court concludes that the reasonableness of Defendant's conduct weighs in favor of granting attorneys' fees.

Defendant never presented a lawful reason for withholding Plaintiff's requested documents. In fact, Defendant never even explicitly withheld Plaintiff's requested documents. Instead, a backlog of other FOIA requests prevented Defendant from processing Plaintiff's FOIA request in a timely manner.

Plaintiff filed her FOIA request on March 21, 2017, and Defendant acknowledged receipt the next day. Dec. of Joseph A. Scanlon, ECF No. 27-2, ¶¶ 6-7. By March 30, 2017, Defendant had completed an initial search for Plaintiff's request which yielded approximately 24,770 email hits. In addition, a custodian search yielded approximately 250 pages of paper records. *Id.* at ¶ 9. On April 3, 2017, Defendant denied Plaintiff's request for expedited processing, but after Plaintiff appealed the denial, on May 8, 2017, Defendant granted Plaintiff's request for expedited processing. *Id.* at ¶¶ 11-14. At that time, Plaintiff's FOIA request was number 6 in the expedited

que. *Id.* at ¶ 15. When Plaintiff filed this lawsuit approximately three months later, on July 26, 2017, there is no evidence that Defendant had made any progress in processing her request.

Under FOIA's statutory deadlines, absent unusual circumstances, an agency has 20 days to notify a requester of whether or not the agency will comply with the request. *See* 5 USC § 552(a)(6)(A)(i). Here, over 120 days passed between Defendant's receipt of Plaintiff's FOIA request and Plaintiff's filing of her lawsuit. During this time, Defendant did not notify Plaintiff as to whether or not the agency would comply with the request nor did Defendant take advantage of statutory mechanisms by which it could extend its time. *See Id.* at § 552(a)(6)(B)(i).

And, by Defendant's own admission, there is little reason to expect that the processing of Plaintiff's FOIA request would have been completed anytime soon absent the filing of her lawsuit. Although Defendant works diligently to process all FOIA requests in a timely manner, Defendant reported that it has only three staff members who process requests for operational records. Dec. of Joseph A. Scanlon, ECF No. 27-2, ¶ 15 n.5. At the time Plaintiff filed her request and later complaint, "each staff member performed intake duties on a monthly rotation resulting in only two individuals processing records full time during any given month. In addition, beginning in approximately June of 2017, one of the three individuals assisted another office within NARA with a special project that required a significant amount of time." *Id.* With an influx of FOIA requests and a dearth of FOIA staff members, Defendant presents no evidence that Plaintiff's requested documents would have been timely released.

There is not clear circuit precedent addressing the issue of whether administrative backlog is a reasonable basis for withholding documents responsive to a FOIA request in these circumstances. In *Morley v. Central Intelligence Agency*, the D.C. Circuit explained that "some delay past the 20-day mark is not necessarily so unreasonable in and of itself as to *require* an

award of attorneys' fees." 894 F.3d 389, 393 (D.C. Cir. 2018) (emphasis in original). But, *Morley* is factually distinguishable from the case before the Court.  In *Morley*, the Circuit Court addressed only the defendant's failure to meet the 20-day deadline. *Id.* Here, Defendant failed to respond to Plaintiff's FOIA request for over 120 days and was only moved to respond after Plaintiff had filed suit. The Court finds that Defendant's additional delay makes its withholding less reasonable than the withholding addressed in *Morley*. Moreover, in *Morley*, the Circuit Court was not assessing reasonableness de novo. Instead, the Circuit Court was reviewing for an abuse of discretion the district court's conclusion that the defendant's withholding was reasonable. *Id.* (explaining that "based on the record, the District Court reasonably concluded that the agency had a reasonable basis for missing" the deadline). The abuse of discretion standard provides district courts with much leeway. The Circuit Court's explanation that "[s]ome delay past the 20-day mark is *not necessarily ... unreasonable*" says little about the proper outcome in this case. *Id.* (emphasis added). Given the factual differences and the lenient standard of review, the Court concludes that *Morley* provides limited guidance for the case before the Court.

Instead, the Court is guided by the purposes behind the fourth factor of the test for entitlement to attorneys' fees. As the D.C. Circuit has explained, the fourth factor is meant to "incentiviz[e] the government to promptly turn over-before litigation is required-any documents that it ought not withhold." *Davy*, 550 F.3d at 1166. The Court finds that this purpose would not be served if it were reasonable for agencies to withhold documents for indeterminant periods of time because they have too many FOIA requests and too few FOIA staff members. Accordingly, the court concludes that, in these circumstances, "[D]efendant's failure to produce documents due to backlog or administrative issues does not constitute a reasonable basis in law." *Am. Civil*

*Liberties Union v. Dep't of Homeland Sec.*, 810 F. Supp. 2d 267, 277 (D.D.C. 2011) (internal quotation marks omitted); *see also Elec. Privacy Info. Ctr. v. U.S. Dept. of Homeland Sec.*, 811 F. Supp. 2d 216, 236 (D.D.C. 2011) (explaining that the defendant's "administrative delay and a generic claim of a FOIA backlog do not form a 'reasonable basis in law' for withholding").

Defendant does not present a reasonable basis in law for withholding documents responsive to Plaintiff's request. In fact, Defendant did not even purposefully withhold the documents. Instead, Defendant failed to process adequately Plaintiff's request prior to Plaintiff's suit due to a backlog of other FOIA requests. Accordingly, the Court finds that, in these circumstances, this factor weighs in favor of granting Plaintiff's request for attorneys' fees.

In sum, the Court concludes that the first and fourth factors–public benefit and the reasonableness of the withholding–weigh in favor of granting attorneys' fees. The second and third factors–commercial benefit and nature of the interest–weigh against granting attorneys' fees. But, due to the circumstances of this case as discussed above, the Court grants less weight to the second and third factors than to the first and fourth factors. *See Supra* Part IV.B. Accordingly, upon balancing the factors, the Court in its discretion concludes that Plaintiff is the type of requester "Congress contemplated when it sought 'to lower the often ... insurmountable barriers presented by court costs and attorney fees to the average person requesting information under the FOIA.'" *Davy*, 550 F.3d at 1162 (quoting *Tax Analysts*, 965 F.2d at 1095). Plaintiff is entitled to attorneys' fees for her FOIA litigation.

V.      **REASONABLNESS OF FEES**

After determining that a plaintiff is both eligible for and entitled to a FOIA fee award, the Court next "determine[s] whether the requested reward is reasonable." *Cornucopia Institute v. Agric. Mktg. Serv.*, 285 F. Supp. 3d 217, 226 (D.D.C. 2018). "D.C. courts recognize that the

'usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount." *Judicial Watch, Inc. v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159, 175 (D.D.C. 2008), *rev'd on other grounds*, 610 F.3d 747 (D.C. Cir. 2010) (quoting *Bd. of Trs. of the Hotel & Rest. Emples. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998)).[2] Plaintiff, as the party seeking fees, bears the burden of establishing the reasonableness of her request. *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004).

In her motion, Plaintiff seeks to recover attorneys' fees in the amount of $29,450.80 and costs in the amount of $429.20, for a total of $29,880.00. Defendant argues that this request is unreasonable for many reasons. Defendant generally argues that, due to the straightforward nature of the proceedings, the attorneys' fees should be lower. Specifically, Defendant objects to the presence of two attorneys, to unreasonable time spent on certain tasks, to recovery for time spent reviewing the records released in the case, and to the request for fees on fees.

Considering the parties' arguments, the Court agrees in part with Defendant and finds that the use of two attorneys was unreasonable given the circumstances of this case. The Court will reduce Plaintiff's attorneys' fees award accordingly. However, the Court finds Plaintiff's request to be otherwise reasonable given the amount of work which was required.

### A. Straightforward Nature of the Case

---

[2] Defendant does not dispute that the billing rate was fair. And, in calculating a billing rate, Plaintiff used the USAO Attorney's Fee Matrix, which resulted in hourly rates significantly below the rates normally charged by Plaintiff's counsel. Dec. of Seth A. Watkins, ECF No. 24-1, 2, 13 (charging $536/hr. when his normal billing rate was $650/hr.); Dec. of Louis S. Mastriani, ECF No. 24-2, 2, 13 (charging $602/hr. when his normal billing rate was $850/hr.). Accordingly, the Court concludes that Plaintiff's billing rate was fair, and the Court's analysis will focus on the reasonableness of the number of hours billed.

Defendant generally argues that Plaintiff's fee request should be significantly reduced to reflect the straightforward nature of the proceedings. Defendant highlights that the matter was resolved in less than five months, involved only 153 pages of records, and required nothing more than periodic status reports. Def.'s Opp'n, ECF No. 27, 16-17. In support of his argument that Plaintiff's fee request should be generally reduced, Defendant cites *Cornucopia Institute*. In that case, the district court reduced the fee award after concluding that "the merits themselves were resolved quickly in a straightforward manner, with no need for additional briefing." *Cornucopia Institute*, 285 F. supp. 3d at 227.

But, *Cornucopia Institute* is distinguishable from the case before the Court. There, the court found the fee demand unreasonable, in large part, because "an undue portion of it derives from time billed for litigating and mediating the amount of attorneys' fees, rather than the merits of the underlying FOIA action." *Id*. The Court determined that work on fee matters accounted for approximately 70% of the total fee request. *Id.* In contrast, here, Plaintiff requests a total of 5.7 hours for work involving fees and is approximately 10% of Plaintiff's total fee request. Accordingly, the main issue in *Cornucopia Institute*, that work on fee matters accounted for a disproportionate amount of the time billed, is not at issue here. Because Defendant's primary support for a general reduction in attorneys' fees, *Cornucopia Institute*, is distinguishable, the Court will proceed to Defendant's other, specific arguments.

## B. Use of Multiple Attorneys

First, Defendant contends that Plaintiff unreasonably seeks fees for time spent by two attorneys when one attorney would have been sufficient. Def.'s Opp'n, ECF No. 27, 17-18. As Defendant notes, when a plaintiff uses multiple attorneys when only one is necessary, "compensation should be denied for the excess time." *Copeland v. Marshall*, 641 F.2d 880, 891

(D.C. Cir. 1980). Due to the relatively straightforward nature of the case, which involved only 153 documents and did not require summary judgment briefing, the Court concludes that "one attorney well versed in FOIA litigation could have adequately represented plaintiff in this matter." *Bloomgarden v. U.S. Dep't of Justice*, 253 F. Supp. 3d 166, 179 (D.D.C. 2017). Accordingly, the presence of two attorneys, both with over a decade of experience, was not reasonable and the Court will not allow Plaintiff to recover fees for the work of her second attorney, Mr. Mastriani.

The Court will reduce Plaintiff's fee award on this ground because the presence of two attorneys resulted in the unnecessary duplication of efforts and fees. A large portion of Mr. Mastriani's time entries include reviewing the work that Plaintiff's other attorney, Mr. Watkins, had already completed. For example, on July 26, 2017, Mr. Watkins finalized and submitted the complaint in this matter. Dec. of Seth A. Watkins, ECF No. 24-1, 7. That same day, Mr. Mastriani requests fees for reviewing the finalized FOIA complaint and filing papers. *Id.* And, on August 2, 2017, Mr. Watkins emailed with the Court and Defendant in preparation for a teleconference. *Id.* at 8. That same day, Mr. Mastriani requests fees for reviewing the emails between Mr. Watkins and the Court and between Mr. Watkins and defense counsel. *Id.* Again, on October 15, 2017, Mr. Watkins sent Plaintiff an email concerning the progress of her FOIA litigation. *Id.* at 12. That same day, Mr. Mastriani requests fees for reviewing the email that Mr. Watkins sent to Plaintiff. *Id.* These three sets of time entries are merely examples of the myriad of times that the presence of two attorneys resulted in the duplication of efforts and unreasonable attorneys' fees.

Despite the duplication of efforts that the Court has identified, Plaintiff argues that the use of two attorneys was reasonable on two grounds: because Defendant also used more than one

attorney in the litigation and because both Mr. Mastriani and Mr. Watkins were representing Plaintiff in her appeal before the U.S. Court of Appeals for Veterans Claims. The Court is convinced by neither argument.

First, Plaintiff contends that because Defendant used multiple attorneys throughout the litigation, it was reasonable for Plaintiff also to use multiple attorneys. But, the fact that the government made use of more than one attorney does not make it reasonable for Plaintiff to have done the same. As salaried employees rather than attorneys who are compensated for billable hours, government attorneys regularly work as part of litigation teams with supervising attorneys reviewing and approving the work of junior attorneys. The fact that using multiple attorneys is the usual practice for the government does not lead to the conclusion that Plaintiff also required multiple attorneys, given the nature of the case.

Second, Plaintiff argues that, because both Mr. Watkins and Mr. Mastriani worked on her veterans' claim appeal, both attorneys also needed to work on this FOIA litigation. But, even if two attorneys were required for her appeal, that does not lead to the conclusion that two attorneys were required for this straightforward FOIA case. And, because the issues are distinct, the factual and legal knowledge that Mr. Mastriani may have gained by working on Plaintiff's appeal would not have been necessary or materially useful to Plaintiff in her FOIA litigation.

Accordingly, the Court concludes that it was unreasonable for two attorneys to represent Plaintiff in this FOIA matter. As such, the Court will eliminate in full the time entries for Mr. Mastriani.

### C. Time Spent on Filings

In addition to arguing that the use of two attorneys was unreasonable, Defendant also argues that Plaintiff's attorneys spent an unreasonable amount of time drafting the filings in this

matter. Defendant specifically objects to the amount of time that Plaintiff's counsel spent on the complaint and on Joint Status Reports. Def.'s Mot., ECF No. 27, 19. If a court determines that a waste of effort has occurred, the court "has the discretion to simply reduce the proposed fee by a reasonable amount without an item-by-item accounting." *Laborers' Intern. Union of N. Am. v. Brand Energy Serv. LLC*, 746 F. Supp. 2d 121, 126 (D.D.C. 2010). But, here, the Court finds that Plaintiff's counsel did not spend an unreasonable amount of time drafting filings.

Excluding Mr. Mastriani's time, Plaintiff's counsel spent 10.6 hours drafting and reviewing the complaint. Dec. of Seth A. Watkins, ECF No. 24-1, 6-7. Plaintiff's complaint, to which multiple exhibits were attached, was 19 pages long and contained a relatively complicated factual section which was necessary for explaining both why Plaintiff required the documents and how the documents related to the public benefit. *See generally* Complaint, ECF No. 1. Given the comprehensive nature of the complaint, the Court finds that approximately 10 hours spent drafting and reviewing is not unreasonable. *See Elec. Privacy Info. Ctr. v. FBI,* 80 F. Supp. 3d 149, 158 (D.D.C. 2015) (finding the fee request unreasonable, and instead awarding 9.5 hours of attorneys' fees for work on a 9-page complaint).

Next, the Court finds that Plaintiff's counsel did not request unreasonable compensation for time spent on Joint Status Reports. Defendant contends that Plaintiff's counsel billed an unreasonable number of hours for work done on Joint Status Reports because Plaintiff's counsel added superfluous details to the reports. Having reviewed the parties' eight Joint Status Reports filed throughout the litigation, the Court finds that they are not unreasonably filled with needless details. *See generally* Joint Status Reports, ECF Nos. 10, 13, 15, 16, 18, 20, 21, 23. Ranging from two to five pages, the Joint Status Reports are of a length reasonable to inform the Court of

the status of the parties ongoing efforts to reach a mutually agreeable decision on the release of Plaintiff's requested records.

There is, however, one outlying Joint Status Report. The report filed on November 13, 2018, was significantly longer than the others at 12 pages. Joint Status Report, ECF No. 18. Despite the length, the information included in that status report was not superfluous. The parties spent approximately two pages jointly describing the status of the litigation. Defendant then spent four and a half pages outlining its position on the remaining issues. And, Plaintiff likewise spent four and a half pages outlining her position on the remaining issues. Given that both parties provided equal amounts of information, the Court finds that Plaintiff did not add "superfluous information" to the filing. Moreover, given that this report included a review of the disclosures that had been made thus far, an explanation of disputed redactions, a dispute on the scope of Defendant's search, and a briefing schedule, the Court concludes that the length of this report is not unreasonable.

Accordingly, the Court concludes that Plaintiff's counsel did not spend unreasonable amounts of time on their filings, and the Court will not reduce Plaintiff's attorneys' fees on this ground.

### D. Review of Documents

Additionally, Defendant argues that Plaintiff should not recover for time that her counsel spent reviewing the records released in this case. Defendant argues that reviewing disclosed records is a post-relief activity, separate from the litigation. Def.'s Mot., ECF No. 27, 20. But, the Court finds that, in these circumstances, Plaintiff's counsel reviewed the disclosed documents as part of the litigation, not as a post-relief activity.

District courts within this Circuit have resolved in various ways the issue of whether to allow attorneys' fees for the review of released documents. Some district courts have not allowed fees for time spent reviewing documents obtained through FOIA litigation. *See e.g., Citizens for Responsibility and Ethics in Washington v. Dep't of Justice*, 825 F. Supp. 2d 226, 231 (D.D.C. 2011) (explaining that reviewing documents released in a FOIA action is a "post-relief activity" for which fees should not be awarded). But, other district courts have allowed counsel to recover for this activity. *See e.g., Elec. Privacy Info. Ctr.*, 72 F.Supp.3d at 351 ("While [plaintiff] did not subsequently challenge any of the [defendant's] redactions or seek further Court-ordered relief after the [defendant] finally produced the requested documents, it needed to review the documents before making those decisions.").

Looking to the operative language in the FOIA fee-award statute, recovery is allowed for "litigation costs." 5 U.S.C. 552(a)(4)(E)(i). Given the facts of this case, the Court concludes that reviewing released documents was a litigation cost deserving of compensation. Plaintiff's counsel did not simply review the documents at leisure after litigation had ended. Instead, Plaintiff's counsel reviewed the documents as they were released and acted pursuant to the information contained in those documents. For example, after reviewing an initial release of records, Plaintiff requested from Defendant more detailed bases for some of the redactions to the disclosed documents. *See* Dec. of Seth A. Watkins, EFC 24-1, 13 (requesting fees for "emails with AUSA re … plaintiff's request for more detailed bases for the (b)(5) redactions on NARA 0089, NARA 0099"). Plaintiff's counsel also brought production issues, such as Defendant's failure to release certain types of documents, to the Court's attention. Joint Status Report, ECF No. 18, 10-11 (disputing the scope of Defendant's search because it did not identify certain documents responsive to Plaintiff's request). The Court concludes that because "the released

documents [were] being reviewed to evaluate the sufficiency of the release [and] the propriety of a specific withholding …, such document review time is properly included in [the] FOIA attorney's fees award." *Elec. Privacy Info. Ctr.*, 80 F.Supp.3d at 159.

While the Court was never required to resolve disclosure issues through a formal order, Plaintiff's counsel needed to review the documents before they could know whether they would need to challenge any disclosures or redactions. Accordingly, the Court concludes that the review of disclosed records was a litigation cost for which Plaintiff can recover. *See Elec. Privacy Info. Ctr.*, 811 F. Supp. 2d at 239-40 ("[I]t would seem critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation. The court thus awards fees related to the plaintiff's review of [defendant's] disclosures.").

### E. Fees on Fees

Finally, Defendant asks that "if the court reduces Plaintiff's fee award demand, it should apply a corresponding reduction to any award of 'fees on fees' to reflect the limited nature of [Plaintiff's] success." Defs.' Mot., ECF No. 27, 20. The Court has reduced Plaintiff's fee award to account for the overlap of efforts expended by Plaintiff's two attorneys. But, the Court does not find that a reduction to the award of fees on fees is warranted.

It "is settled in this circuit" that "[h]ours reasonably devoted to a request for fees are compensable." *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 528 (D.C. Cir. 1985). Excluding Mr. Mastriani's time which the Court has already deducted, Plaintiff's counsel request compensation for 4.7 hours of work on the request for fees. Dec. of Seth A. Watkins, ECF No. 24-1, 17. This work included research and preparation, drafting and editing the motion for an award of fees, and drafting declarations. Given the comprehensive nature of Plaintiff's 13-

page motion for fees, as well as the fact that the request for fees on fees is proportional to the overall request for fees, the Court will not reduce the award of fees on fees.

Considering all of Defendant's arguments, and having conducted an independent, comprehensive review of Plaintiff's fee award request, the Court will eliminate in full Mr. Mastriani's billed hours to account for an overlap in efforts between Mr. Mastriani and Mr. Watkins. Taking this reduction into account, the Court finds that Plaintiff's counsel are entitled to $19,939.20 in attorneys' fees as well as $429.20 in costs for a total award of $20,368.40.

## VI. CONCLUSION

For the foregoing reasons, the Court GRANTS in PART and DENIES in PART Plaintiff's [24] Motion for an Award of Attorneys' Fees and Costs. The Court finds that Plaintiff is eligible for and entitled to an award, but that the award requested was not reasonable due to a duplication of efforts by Plaintiff's two attorneys. Accordingly, the Court GRANTS Plaintiff's request as to $19,939.20 in fees and $429.20 in costs and AWARDS those amounts; the Court otherwise DENIES Plaintiff's request. As there are no other issues to resolve in this case, the case is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.


_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge